<u>NOT FOR PUBLICATION</u>

```
              IN THE UNITED STATES DISTRICT COURT
                   DISTRICT OF NEW JERSEY
                      CAMDEN VICINAGE
_____
                                   :
ARTHUR LEE HOYLE,                  :
                                   :  Civil Action No. 14-5726 (RMB)
            Plaintiff,             :
                                   :
      v.                           :          OPINION
                                   :
JOHN C. PORTO, J.S.C,              :
                                   :
            Defendant.             :
_____:
```

**BUMB**, District Judge:

    This matter comes before the Court upon Plaintiff's submission of a civil complaint, executed pursuant to 42 U.S.C. § 1983, <u>see</u> Docket Entry No. 1 ("Complaint"), that arrived accompanied by Plaintiff's duly executed application to proceed in this matter <u>in forma pauperis</u>. See Docket Entry No. 1-1. In light of the <u>in forma pauperis</u> application and the absence of three disqualifying strikes, the Court will grant Plaintiff <u>in forma pauperis</u> status and order the Clerk to file the Complaint.

    The Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires this Court to screen the Complaint and <u>sua sponte</u> dismiss any claim if the Court determines that it is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from such relief. <u>See</u> 28 U.S.C. §

1915(e)(2)(B); Ashcroft v. Iqbal, 556 U.S. 662 (2009); Fowler v. UPMC Shadyside, 578 F.3d 203 (3d Cir. 2009).

Here, the Complaint indicates that Plaintiff is a pretrial detainee suing the Superior Court of New Jersey, Law Division, judge presiding over Plaintiff's currently ongoing criminal prosecution. See Docket Entry No. 1, at 4-5. Specifically, Plaintiff states that the "judge violated [Plaintiff's] rights by not giving [Plaintiff] a fair chance, [by] show[ing] racial acts, never stand[ing] for the law[,] always work[ing] around the law and with the [S]tate [prosecutor,] so [Plaintiff] had no rights." Id. at 5,.

These allegations make it abundantly clear that Plaintiff: (a) is suing his presiding judge solely in the judge's official capacity; and (b) has no claims against other individuals.

Plaintiff's claims raised in the Complaint are subject to sua sponte dismissal. "A judicial officer in the performance of his duties has absolute immunity from suit and will not be liable for his judicial acts." Capogrosso v. The Supreme Court of New Jersey, 588 F.3d 180, 184 (3d Cir. 2009) (quoting Azubuko v. Royal, 443 F.3d 302, 303 (3d Cir. 2006)). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted 'in the clear absence of all jurisdiction.'" Id. (citations omitted).

2

Here the Complaint contains no allegations suggesting, even vaguely, that Plaintiff's presiding judge had been acting outside the scope of his judicial capacity, or in the absence of his jurisdiction.  Thus, Plaintiff's claims are barred by the presiding judge's judicial immunity: to the extent Plaintiff intends to seek damages.

Moreover, Plaintiff's application for injunctive relief, see Docket Entry No. 1, at 6 ("[Plaintiff] want[s] the [S]tate to remove [the presiding judge] from [Plaintiff's criminal] case, [and to] look into how [the presiding judge] look[s] over other . . . cases [where the defendants are African-American or Hispanic]"), is unavailing.[1]

The Federal Courts Improvement Act of 1996 amended 42 U.S.C. § 1983 to provide that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable."  42 U.S.C. § 1983; see also Azubuko, 443 F.3d at

---

[1] This Court has no capacity to direct the State to take any action, since the State is not a party to this matter.  In addition, this Court, having its mandate limited to the powers granted under Article III, has no capacity to conduct any form of "investigation."  "'[C]ourts are only empowered to decide cases and controversies' as our Article III jurisprudence defines them." Birdman v. Office of the Governor, 677 F.3d 167, 173, 56 V.I. 973 (3d Cir. 2012) (quoting Felmeister v. Office of Att'y Ethics, 856 F.2d 529, 535 (3d Cir. 1988)); see also U.S. Const. art. III, § 2 (vesting federal "judicial Power" to adjudicate of "Cases" and "Controversies," not to conduct "investigations").

303-04.  Here, "the Complaint relies on judicial acts as the basis for the claims of discrimination[, and] the actions taken by [the presiding judge] were actions taken squarely within the judge['s] official capacity. . . . Inasmuch as [P]laintiff[] did not allege that a declaratory decree was violated or that declaratory relief was unavailable, [his] claims for injunctive relief are barred."  Dahl v. Johnston, 2014 U.S. Dist. LEXIS 128573, at *6-7 (D. Del. Sept. 15, 2014) (citing, inter alia, Azubuko, 443 F.3d at 304).  "Therefore, the [C]ourt [is obligated to] dismiss the claims against the [presiding judge] as they are legally frivolous[,] and the Judge[ is] immune from suit pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (iii) and § 1915A(b)(1) and (2)."  Id. at *7.

   Put another way, in the event Plaintiff wishes to seek recusal of his presiding judge, his avenue toward that remedy cannot be a federal civil action in this District: it should be: (a) a motion (filed under the state court rules) to the presiding judge; and (b) if Plaintiff is dissatisfied with the outcome of his motion, an appellate application filed in the Appellate Division.  "Rule 1:12-2 provides that 'any party, on motion made to the judge before trial and stating the reasons therefor, may seek that judge's disqualification.'"  Chandok v. Chandok, 406 N.J. Super. 595, 603 (N.J. Super. Ct. App. Div. 2009) (brackets

4

and ellipsis omitted) (reversing the decision of the Law Division's judge who denied a motion for recusal).

Correspondingly, the Complaint will be dismissed.

> [Where] the District Court . . . conclude[s] that [the plaintiff's] filings [are] inadequate, . . . [leave to amend] must be granted in the absence of . . . futility of amendment. [See] Foman v. Davis, 371 U.S. 178, 182 (1962); In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1434 (3d Cir. 1997).

Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002).

Since, here, Plaintiff's claims are expressly limited to the challenges based on the acts taken by Plaintiff's presiding judge in the judge's official capacity, it is apparent that granting Plaintiff leave to amend those claims would be futile.

Therefore, the Complaint will be dismissed with prejudice.

An appropriate Order follows.

                                             s/Renée Marie Bumb
                                             **RENÉE MARIE BUMB**
                                             **United States District Judge**

Dated: October 10, 2014